UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIAR CAPITAL L.P., a Texas Limited Partnership, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE HANOVER INSURANCE )<br>COMPANY, a New Hampshire )<br>Corporation, )<br>)<br>Defendant. ) | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant THE HANOVER INSURANCE COMPANY ("Hanover") hereby removes this action to the United States District Court for the Southern District of Texas from the District Court of Harris County, Texas, where it was commenced and is presently pending as Case No. 2017-24250. As grounds for this removal, Defendant states as follows:

1.     In this action, Plaintiff Briar Capital L.P. seeks a judgment against Defendant with respect to insurance coverage for Plaintiff issued by Defendant.

2.     Plaintiff alleges that it an insured entitled to insurance coverage under a Financial Institution Bond issued by Defendant to Plaintiff (the "Bond"), with respect to an alleged fraudulent scheme perpetrated upon Plaintiff by certain parties not named in this litigation, and which is described in Plaintiff's Complaint.

3.     A copy of the Complaint, which indicates the instant action was filed on April 10, 2017, is attached hereto as **Exhibit A**. Defendant was served by a process server on April 25, 2017. A copy of the Proof of Service dated April 25, 2017 is attached hereto as **Exhibit B**.

*Hanover Notice of Removal*

4. Fewer than 30 days have passed since the date of service of the Complaint to the Defendant on April 25, 2017, so the time within which Defendants are permitted to file this notice of removal under 28 U.S.C. § 1446(b) has not expired as of the time of the filing and service of this Notice of Removal. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999).

**Removal is Proper based Upon Diversity of Citizenship**

5. This action is between citizens of different states because:

(a) ***Plaintiff Briar Capital L.P. is a Texas citizen.*** As admitted by Plaintiff in its Complaint, Plaintiff is a Texas limited partnership that conducts business in Harris County, Texas. Ex. A, ¶ 2. Plaintiff's principal place of business is in Houston, Texas. Plaintiff is therefore a citizen of the State of Texas.

(b) ***Defendant The Hanover Insurance Company is a citizen of New Hampshire and Massachusetts.*** As acknowledged in the Complaint, Defendant is a New Hampshire corporation with its principal place of business located in Worcester, Massachusetts. Ex. A, ¶ 4. Defendant is therefore a citizen of New Hampshire and Massachusetts.

6. Based on the allegations in the Complaint, the amount in controversy (exclusive of interest and costs) exceeds the sum or value of $75,000. Plaintiff claims that Defendant wrongfully denied coverage for the loss it allegedly sustained as a result of a fraudulent scheme, and that Plaintiff is entitled to recover from Defendant under the Bond "over $1,000,000."

7. In view of the foregoing facts, this Court possesses original diversity jurisdiction over the lawsuit filed against Plaintiff pursuant to 28 U.S.C. § 1332, at the time when it was filed. Accordingly, this case is properly removable under 28 U.S.C. § 1441(b).

8.     Removal to this District is proper under 28 U.S.C. § 1441 because this is the District embracing the locale where the action is pending, in Harris County, Texas.

9.     Written notice of the filing of this notice of removal is being promptly given to Plaintiff and a Notice of Removal to federal court is being filed with the Clerk of the District Court of Harris County, Texas as required by 28 U.S.C. § 1446(d). The Notice of Removal to federal court is attached hereto as **Exhibit C**.

WHEREFORE Defendant THE HANOVER INSURANCE COMPANY respectfully removes this action from the District Court of Harris County, Texas to the United States District Court for the Southern District of Texas.

Dated: May 18, 2017	Respectfully submitted:

**THE HANOVER INSURANCE COMPANY**

By:	/s/*Brenda Neel Hight*

Brenda Neel Hight (#18225)
Texas Bar No. 09607400
KAUFMAN DOLOWICH
& VOLUCK, LLP
3838 Oak Lawn Avenue, Suite 1000 #187
Dallas, TX, 75219
T: 214-802-3943
F: 312-759-1402
Email: Brenda.hight@brendahightlaw.com
Email: bhight@kdvlaw.com

and

*Pro Hac Vice Anticipated*
David T. Brown
Andrew S. Johnson
KAUFMAN DOLOWICH
& VOLUCK, LLP
135 S. LaSalle Street, Suite 2100
Chicago, IL 60603

                T: (312) 646-6744
                F: (312) 896-9403
                Email: dbrown@kdvlaw.com
                Email: ajohnson@kdvlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on **May 18, 2017** the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

The undersigned further certifies that a true and correct copy of the foregoing instrument was served on the attorneys of record at their respective business addresses indicated below:

| | |
|---|---|
| George R. Gibson | Michael Jay Kuper |
| Marvin D. Nathan | A Professional Corporation |
| David Overhuls | Michael Jay Kuper |
| 2800 Post Oak Boulevard, 61st Floor | 2901 Via Fortuna Drive, Suite 500 |
| Houston, Texas 77056-6102 | Austin, Texas 78746 |
| ggibson@nathansommers.com | mkuper@kuperlawfirm.com |
| mnathan@nathansommers.com | *Counsel for Plaintiff* |
| doverhuls@nathansommers.com | |
| *Counsel for Plaintiff* | |

via ☒CM/ECF and by ☐ hand delivery, ☐ email, ☐ facsimile, ☐ overnight-next day delivery, and/or ☒ First Class U.S. Mail with proper postage prepaid, at or before the hour of 5:00 p.m., on **May 18, 2017.**

            By:  /s/*Brenda Neel Hight*

4819-9294-5223, v. 1