IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAR CAPITAL L.P., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | C.A. NO. 4:17-cv-01532 |
| § | | |
| THE HANOVER INSURANCE COMPANY § | | |
|     Defendant. § | | |

**BRIAR CAPITAL'S MOTION TO DISMISS
THE HANOVER INSURANCE COMPANY'S
COUNTERCLAIM FOR DECLARATORY JUDGMENT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**COMES NOW BRIAR CAPITAL L.P.** ("Briar Capital") and prior to the filing of any other pleading, and pursuant to Rule 12(b)(6), Fed. R. Civ. P. moves the Court to dismiss the Counterclaim against Briar Capital for Declaratory Judgment filed by The Hanover Insurance Company ("Hanover"), and respectfully shows:

**PROCEDURAL BACKGROUND**

1. This is an action by Briar Capital against its insurer, Hanover. Briar Capital claims that Hanover failed to pay a $905,000 loss under a Financial Institution Bond issued to Briar Capital. Briar Capital asserts several bases for coverage under the Bond and brings claims for breach of contract, breach of good faith and fair dealing and violations of the Texas Insurance Code.

2. Hanover answered Briar Capital's Petition[1] and filed a Counterclaim against Hanover. (Dkt. 11). Hanover apparently seeks a declaratory judgment against Briar Capital on

---

[1] Hanover removed this case from a Harris County, Texas state court. (Dkt. 1, Ex. "B"). Since Briar Capital initially filed its action in state court, its claims for relief were set forth in a petition format required by the Texas Rules of Civil Procedure. Given the removed status of this case, Briar Capital will refer to its Petition for Relief as a Complaint.

1

the same provisions of the Bond raised by Briar Capital in its Complaint. *Id*. Since that is so, Hanover's Counterclaim seeks an adjudication of issues already before the Court. Under well settled law of this Circuit, Hanover's claim for declaratory judgment is impermissible and must be dismissed.

## ARGUMENT AND AUTHORITIES

3. This Court has broad discretion in determining whether to entertain a declaratory judgment action under 28 U.S.C. § 2201. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (noting that the Declaratory Judgment Act is "an enabling Act, which confers discretion on the courts rather than an absolute right on the litigant"); *Sherwin Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003). If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted. See *Pan-Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980) (refusal to allow amendment to add claims that were already raised in the original complaint); *Mandry v. Fina Oil & Chem. Co.*, 44 F.3d 1004, 1994 WL 733494 at *2 (5th Cir. 1994) (reversing award of declaratory judgment where "[t]he declaratory judgment does not declare any significant rights not already at issue in the contract dispute").

4. Courts in the Fifth Circuit "regularly reject declaratory judgment claims seeking the resolution of issues that will be resolved as part of the claim in the lawsuit. *American Equipment Co., Inc. v. Turner Bros. Crane and Rigging, Inc.*, 2014 WL 3543720*4 (S.D. Tex. July 14, 2014) (dismissing defendant's counterclaim for declaratory judgment that it had no liability to defend or indemnify plaintiff under the same contract upon which plaintiff had sued for defendant's failure to defend or indemnify, holding that counterclaim was "mirror image" of plaintiff's complaint). Declaratory judgment claims where the "core issues of the controversy

concern whether the parties entered into enforceable contracts and, if so, whether the defendants breached the contracts" are routinely dismissed. *Kougl v. Xspeding Mgmt. Co.*, 2005 WL 1421446 at *4 (N.D. Tex. June 1, 2005); *Xtria LLC v. Tracking Sys., Inc.*, No. 3-07-CV-0160, 2007 WL 1791252 at *3 (N.D. Tex. June 21, 2007) (dismissing declaratory judgment action under Rule 12(b)(6) which duplicated an existing breach of contract claim); *Landscape Design and Constr. Inc. v. Transport Leasing/Contract, Inc.*, 2002 WL 257573 at *10 (N.D. Tex. Feb. 19, 2002); *Assistmed, Inc. v. Conceptual Health Solutions, Inc.*, No. 3:05-CV-0880, 2006 WL 3691003 at *17 (N.D. Tex. Dec. 14, 2006) (same); *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, 2006 WL 2285575 at *3 (N.D. Tex. Aug. 9, 2006) (dismissing counterclaim for declaratory judgment while noting that "a motion for declaratory judgment that merely restates a party's defenses is insufficient"); *Regus Mgmt. Group, LLC v. International Business Machine Corp.*, 2008 WL 2434245 at *3 (N.D. Tex. June 17, 2008) ("Courts regularly reject declaratory judgment claims that seek resolution of matters that were already resolved as part of the claims in the lawsuit"); *Albritton Props. v. Am. Empire Surplus Lines*, No. 3:04-CV-2531, 2005 WL 975423 at *2 (N.D. Tex. April 25, 2005) (granting Rule 12(b)(6) motion dismissing counterclaim for declaratory judgment where the disputed issues were already depending before the court).

5.  *American Equipment Co.* provides clear guidance to support Briar Capital's Motion. In that case, American Equipment ("AEC") brought suit against Turner Bros. Crane & Rigging d/b/a TNT Crane & Rigging ("TNT") for refusing to defend or indemnify it for a personal injury claim pursuant to a Purchase Order Agreement between the parties. AEC alleged that the Purchase Order required TNT to indemnify it to third party claims and to procure insurance naming AEC as an additional insured pursuant to a specified form. TNT filed a counterclaim seeking a

declaratory judgment that pursuant to the "purchase orders, Terms and Conditions of Rental and insurance policies; AEC had no right to defense or indemnity.

6.  The Court granted AEC's Motion to Dismiss TNT's pending counterclaim, holding that the counterclaim was "a pure mirror image" of AEC's breach of contract claim. *American Equipment* at *4. The Court noted that TNT relied on the same evidence as did AEC – the Purchase Order and the insurance policy – to support both its defenses and its counterclaim. *Id.* The Court observed that it would look to the same evidence in adjudicating AEC's breach of contract claim, and the resolution of that claim would "dispose entirely of the issues implicated in TNT's counterclaim." *Id.* Accordingly, because "granting a counterclaim for declaratory judgment (would) have no effect beyond that which (would) result from resolving the pending claims," the Court exercised its discretion to decline to hear TNT's counterclaim and dismissed it without prejudice. *Id.* at *5.

7.  Briar Capital sued Hanover for breach of contract, alleging that Hanover failed to reimburse Briar Capital for its losses under Hanover's Financial Institution Bond No. 1045523. (Dkt. 1, Ex. "A"). The Bond is attached to Briar Capital's Complaint as Ex. "A." (*Id.*).

8.  Briar Capital alleged that one of its customers, Forward Components ("Forward") had defrauded it into purchasing $905,456.08 of Forward accounts which were forged, altered and counterfeited. (*Id.* at p.4). It claimed coverage under "each and every section of the Bond that applies to these facts." *Id*. Briar Capital alleged that Hanover had breached the bond by "failing and refusing to accept and pay" Briar Capital's losses under the Bond. *Id.* at pp. 4, 6.

9.  In its Answer, Hanover denied that it breached the Bond. (Dkt. 10, p. 13). In its Counterclaim, Hanover asserts multiple "causes of action" arising out of Bond No. BFD 1045223

– the same Bond upon which Briar Capital bases its Complaint. And just as Briar Capital did, Hanover attached the Bond as the first exhibit to its pleading. *Id.* at pp. 15-16.

10. Hanover's allegations in Paragraph 7 through 12 of its Counterclaim quote directly from Briar Capital's Complaint thereby raising the same issues that Briar Capital does.

11. Curiously and inexplicably, Hanover alleges each Insuring Agreement in its Bond as a "Cause of Action." (Dkt. 10, pp. 23-38). It also alleges that Briar Capital's purported failure to comply with certain Bond conditions give rise to a "cause of action." It asks this Court to declare that "no coverage is afforded under the Bond to Briar Capital for the claim" which is exactly what it pleads in Paragraph 28 of its Answer. (Dkt. 11, p. 13). Hanover's Counterclaim is simply a "mirror image" of Briar Capital's Complaint. *American Equipment, supra*.

12. Hanover, as noted above, also claims that Briar Capital failed to satisfy certain conditions of the Bond. (Dkt. 11, pp.39-40). However, an insured's failure to cooperate or otherwise comply with conditions of an insurance policy is an affirmative defense. See e.g. *Prodigy Communications Corp. v. Agric. Excess & Surplus Ins. Co.*, 288 S.W.3d 374, 376 (Tex. 2009) (holding that when one party breaches a contract, the other party's performance is excused); *One Beacon Ins. Co. v. Welch*, 2014 WL 2931933 (S.D. Tex. June 30, 2014). This Court's resolution of Briar Capital's breach of contract cause of action, Hanover's denial of coverage and its affirmative defenses will "dispose entirely of the issues implicated in (Hanover's) counterclaim." *American Equipment, supra*.

13. This Court should dismiss Hanover's Counterclaim without prejudice.

**WHEREFORE, PREMISES CONSIDERED**, Briar Capital respectfully prays that Hanover's Counterclaim for Declaratory Judgment be dismissed, and that it have such other and further relief, at law or in equity, to which it may show itself justly entitled.

                      Respectfully submitted,

By:  */s/ George R. Gibson*
      George R. Gibson
      Texas Bar No. 00793802
      Federal ID No. 19879
      Attorney-in-Charge for Briar Capital, L.P.
      NATHAN SOMMERS JACOBS
      A Professional Corporation
      2800 Post Oak Boulevard, 61st Floor
      Houston, Texas 77056-6102
      713.960.0303 - telephone
      713.892.4800 – fax
      ggibson@nathansommers.com

      ATTORNEYS FOR BRIAR CAPITAL, L.P.

OF COUNSEL:

**MICHAEL JAY KUPER**
A Professional Corporation
Michael Jay Kuper
Texas Bar No. 11765000
Federal ID No. 6721
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
512.874.3800 - telephone
713.892.4800 - fax
mkuper@kuperlawfirm.com

**NATHAN SOMMERS JACOBS**
A Professional Corporation
Marvin D. Nathan
Texas Bar No. 14817000
Federal ID No. 9408
David Overhuls
Texas Bar No. 24082029
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056-6102
713.960.0303 - telephone
713.892.4800 – fax
mnathan@nathansommers.com
doverhuls@nathansommers.com

## CERTIFICATE OF SERVICE

This is to certify that on the 1st day of June, 2017, a true and correct copy of the foregoing has been transmitted via the Court's ECF filing system to the following counsel of record:

| | |
|---|---|
| Brenda Neel Hight, Esq.<br>Kaufman Dolowich & Voluck, LLP<br>3838 Oak Lawn Avenue, Suite 1000 #187<br>Dallas, Texas 75219 | By E-Mail (Brenda.hight@brendahightlaw.com)<br>(bhight@kdvlaw.com) |
| David T. Brown, Esq.<br>Andrew S. Johnson, Esq.<br>Kaufman Dolowich & Voluck, LLP<br>135 S. LaSalle Street, Suite 2100<br>Chicago, Illinois 60603 | By E-Mail (dbrown@kdvlaw.com)<br>(ajohnson@kdvlaw.com) |

*/s/ George R. Gibson*
George R. Gibson